**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eric Stanley,

Plaintiff,

v.

AZ Vapes LLC, *et al.*,

Defendants.

No. CV-20-01999-PHX-JJT

**ORDER**

At issue is Defendant[1] AZ Vapes LLC's Motion to Set Aside Entry of Default (Doc. 23, Mot.) to which Plaintiff Eric Stanley filed a Response (Doc. 25, Resp.) and Defendant filed a Reply (Doc. 28, Reply).

## I. BACKGROUND

E-cigarettes have become increasingly popular in the United States since they first became available for sale in 2007 (Doc.1, Compl. ¶¶ 11, 17 (citations omitted).) As Plaintiff explains in his Complaint, e-cigarettes are battery-operated—they require a battery-powered heating element to convert a nicotine-containing liquid into vapor, which the user then inhales. (Compl. ¶¶ 12-14.) Plaintiff cites to some evidence to suggest that the batteries used in e-cigarettes pose unique dangers to users. (Compl. ¶¶ 15, 16 (citations omitted).)

In March 2019, Plaintiff purchased a Samsung battery from Defendant in Glendale, Arizona. (Compl. ¶ 23.) On or around June 25, 2019, two lithium-ion batteries for

[1] Plaintiff names both AZ Vapes LLC and Samsung SDI Co., LTD as Defendants. Only AZ Vapes is discussed here, so the Court simply refers to AZ Vapes as "Defendant."

Plaintiff's e-cigarette device were in the pocket of his pants when they sparked, ostensibly lighting his clothing on fire and burning his hand, left leg, and thigh. (Compl. ¶¶ 24-25.) Plaintiff alleges that he suffered second-degree burns, which required extensive treatment and left him with prominent scars. (Compl. ¶¶ 25-27.)

On October 15, 2020, Plaintiff filed the Complaint before this Court alleging Defendant's failure to warn Plaintiff of the risks of the battery, negligence, breach of the implied warranty of merchantability, negligent misrepresentation, and violation of the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq*. (*See generally* Compl.)

On January 11, 2021, Plaintiff executed service on Defendant. (Doc. 16.) Plaintiff filed proof of Service on March 17, 2021. (Doc. 16.) On March 18, 2021, Defendant had yet to answer, and the Court directed Plaintiff to apply for entry of default or file a status report within seven days of the date of its Order. (Doc. 17.) On March 26, 2021, Plaintiff filed an Application of Entry of Default. (Doc. 18.) The Clerk entered default as to Defendant on March 29, 2021. (Doc. 19.) On May 11, 2021, Defendant filed a Motion to Set Aside Default, asserting that good cause to set aside the default exists because it believed its response was being handled, it has meritorious defenses, and setting aside the entry of default will not prejudice Plaintiff. (Mot. at 1.) Plaintiff filed a Response in Opposition to Defendant's Motion (*see generally* Resp.), and Defendant filed a Reply (*see generally* Reply).

The Court now resolves Defendant's Motion to Set Aside Default.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(a) states that the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Rule 55(c) allows the Court to set aside any entry of default for "good cause." *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that a District Court's discretion is especially broad when considering whether to set aside entry of default). In deciding whether to exercise its discretion and set aside an entry of default, the Court must consider three factors: (1) whether the party seeking to set aside the default

engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default has no meritorious defense; and (3) whether setting aside the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (citations omitted). A finding that any one of these factors is true is sufficient reason for the District Court to refuse to set aside the default, but the Ninth Circuit also cautions that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

**A. Defendant's Conduct was Not Culpable**

In evaluating the first factor, the Court must determine whether Defendant's conduct was culpable. *See TCI Group Life Ins. Plan v. Knobber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* (emphasis in original) (citation omitted). The Ninth Circuit has held that conduct can be intentional only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1091 (9th Cir. 2010) (citation omitted).

Defendant argues that its failure to timely respond was not willful. (Mot. at 3-4.) In its Motion, Defendant claims that it reported the service and lawsuit to its insurance broker and was under the impression that a timely response would be filed on its behalf. (Mot. at 4; Doc. 23-1 ¶ 5, Declaration of Sivart Alexanian in Support of Rule 55(c) Motion to Set Aside Default). Defendant's counsel explains that it was contacted by a representative from Defendant's insurer on May 4, 2021 and reached out to Plaintiff's counsel the next day to request that Plaintiff agree to set aside the default. (Mot. at 2.) According to Defendant, Plaintiff's counsel refused to do so, and Defendant filed its Motion. (Mot. at 2-3.)

Plaintiff attempts to argue that Defendant is a "sophisticated" entity, so a more stringent standard should apply. (Resp. at 3.) Citing *Franchise Holding II*, a case where notice of action was received by a company's counsel who later tried to set aside the default, Plaintiff asserts that a party's conduct is culpable when they have "received actual or constructive notice of the filing of the action and failed to answer." (Resp. at 3 (citing *Franchise Holding II*, 375 F.3d at 926).) Plaintiff either misunderstands or misrepresents the precedent it relies on in advancing this argument. In *Mesle*—which Plaintiff also references—the Ninth Circuit made clear that Plaintiff's preferred standard has never been applied to deny relief "except when the moving party is a legally sophisticated entity or individual." *Mesle*, 615 F.3d at 1093. The *Mesle* Court made explicitly clear that the defendant in that case was not a lawyer, and was unrepresented at the time of the default, which constituted sufficient proof that he was not a sophisticated party. *Mesle,* 615 F.3d at 1093.

AZ Vapes is in no way a sophisticated litigant. It is an LLC with only one location in Glendale, Arizona. (Compl. ¶ 2; Reply at 3.) It is run by Sivart Alexanian and her son Shant, and there is no evidence that either of them are lawyers or were represented prior to May 4, 2021. (Reply at 3.) Further, Plaintiff does not allege any specific facts showing that Defendant acted with a "devious, deliberate, willful, or bad faith" motive in its failure to respond. *See Mesle*, 615 F.3d at 1091.

The Court finds Defendant's conduct was not culpable.

**B. Defendant has a Meritorious Defense**

To satisfy the "meritorious defense" requirement, the movant need only allege sufficient facts that, if true, would constitute a defense. *Id.* at 1094. Nonetheless, it is important that the movant present the District Court with specific facts. *Franchise Holding II*, 375 F.3d at 926. "A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Id.* (quoting *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969)).

Defendant argues that it has several meritorious defenses. First, it claims that to the extent Plaintiff's injury was caused by manufacturing or design defects, Defendant was unaware of any defects. (Mot. at 4.) Additionally, Defendant claims that its "battery safety policies and procedures" are a meritorious defense to Plaintiff's claim that Defendant failed to warn Plaintiff of the risks associated with loose batteries. (Mot. at 4.) Defendant also asserts that Plaintiff ignored warnings not to store loose batteries in one's pockets with metal objects and alleges that Plaintiff "experienced a prior battery failure and fire in his backpack, so he was aware of hazards associated with improper use and storage of lithium-ion batteries." (Mot. at 5.) Plaintiff argues that Defendant has failed to show that it has any meritorious defenses. (Resp. at 6.) Plaintiff, without citing any case law, claims that "AZ Vapes needs to show, not tell, and it has completely failed to do so in this case." (Resp. at 6.) However, Plaintiff overstates the weight of Defendant's burden. *See Mesle*, 615 F.3d at 1095 (noting that the movant's burden is "minimal").

The Court finds that Defendant's allegations, accepted as true, satisfy the meritorious defense requirement.

**C. Setting Aside the Default Will Not Prejudice Plaintiff**

Finally, the Court must evaluate whether setting aside the default would prejudice Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701 (citations omitted). The standard the Court applies is whether Plaintiff's ability to pursue its claim would be hindered if the default were set aside. *Id.* For a delay to be prejudicial, it must result in tangible harm, such as the loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion. *Id.* (citing *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-434 (6th Cir. 1996)).

In arguing that setting aside the default will not prejudice Plaintiff, Defendant observes that, at the time of its filing, the default was only six weeks old and the litigation itself was in very early stages. (Mot. at 5.) Plaintiff, on the other hand, claims Defendant's "failure to prosecute this suit and its insistence on blaming Plaintiff for its own tardiness

has prejudiced Plaintiff in that Plaintiff has been forced to expend the time and energy to draft and file his Application for Entry of Default against AZ Vapes and the instant motion." (Resp. at 7.) Plaintiff goes on to request attorney fees if the Court decides to set aside the entry of default. (Resp. at 7.)

First, finding no indicia that setting aside the default will result in any tangible harm to Plaintiff, the Court finds that good cause exists to vacate the entry of default. *See TCI Group*, 244 F.3d at 701 (finding no prejudice where the plaintiff argued "that vacating the judgment would harm her because it would require her to continue litigating"). Further, it does not appear that Defendant "blamed Plaintiff for its own tardiness," as Plaintiff alleges, or "forced" Plaintiff to draft a Response to Defendant's Motion. (Resp. at 7.)

To the contrary, Defendant appears to have attempted to spare both the parties and the Court from expending time and energy on the instant dispute, but Plaintiff declined to do so. (Mot. at 3.) To award Plaintiff attorneys' fees in this instance is to ignore the guidance of the very precedent on which Plaintiff relies. For example, in *Nilsson*, the court awarded attorneys' fees only after it had "lifted three entries of default, imposed four orders for money sanctions . . . [and] held numerous hearings." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1547 (9th Cir. 1988). Only after the Court found that the defendants had "followed a deliberate, willful, studied course" of frustrating the plaintiff's efforts did the court agree to impose sanctions. *Id.*

The Court has already found that Defendant's conduct here is not culpable. Further, there is no reasonable analogy between Defendant's conduct and the egregious conduct in any precedent Plaintiff cites. In fact, the instant facts are more analogous to those in *Na Pali*, where the court held that the plaintiff was "arguably the party whose actions can be seen as complicating the proceedings surrounding the initial granting of the default, which caused both parties to incur unnecessary costs." *Na Pali Haweo Cmty. Ass'n v. Grande*, 242 F.R.D. 672, 675 (D. Haw. 2008) (noting that the plaintiff obtained the default on the first day the Federal Rules allowed, refused to respond to requests to voluntarily set aside

the default, and challenged the motion to set aside, "in spite of having almost no possibility of defeating the motion").

## III. SUBJECT MATTER JURISDICTION

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

In the complaint, Plaintiff alleges the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). (Compl. ¶ 8.) Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For the purpose of determining diversity of citizenship, LLCs and partnerships are citizens of every state of which their owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In his Complaint, Plaintiff, who is represented by counsel, alleges that Defendant, an LLC, is "organized under the laws of the state of Arizona." (Compl. ¶ 2.) This is not the proper standard for determining Defendant's citizenship for the purpose of diversity jurisdiction. And if, as Plaintiff alleges, Defendant is a citizen of Arizona, like Plaintiff, then there is no diversity jurisdiction in this case. Furthermore, Plaintiff has not identified

the state of which Sivart Alexanian—AZ Vapes, LLC's sole member—is a citizen, as was Plaintiff's burden.

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See Charles Alan Wright & Arthur R. Miller*, 5 Fed. Practice & Procedure § 1206 (3d ed. 2014). Plaintiff's Complaint lacks sufficient allegations to show federal subject matter jurisdiction, as required by Rule 8(a). This defect alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005).

## IV. CONCLUSION

Because the Court finds that Defendant's failure to timely respond was not culpable conduct, Defendant has meritorious defenses, and setting aside the entry of default will not prejudice Plaintiff, the Court grants Defendant's Motion to Set Aside Default. Nonetheless, from the face of Plaintiff's Complaint, the Court finds it lacks subject matter jurisdiction, and therefore cannot hear this case.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Set Aside Default (Doc. 23).

**IT IS FURTHER ORDERED** striking the Clerk's Entry of Default from the record (Doc. 19).

**IT IS FURTHER ORDERED** dismissing this case for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 18th day of November, 2021.

Honorable John J. Tuchi
United States District Judge